UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| DUANE STEVENSON, | ) |
| | ) |
| Movant, | ) |
| | ) |
| vs. | ) No. 4:05CV1845-DJS |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent. | ) |

**MEMORANDUM**

In <u>United States v. Duane Stevenson</u>, 4:04CR250-DJS, Duane Stevenson pled guilty before this Court on June 15, 2004 to possession with intent to distribute cocaine base in violation of 21 U.S.C. §841(a)(1) and possession of marijuana in violation of 21 U.S.C. §844(a). On October 22, 2004, this Court sentenced Stevenson to 92 months' imprisonment (concurrent terms of 92 months on Count I and 12 months on Count II), to be followed by a 4-year term of supervised release (concurrent terms of 4 years on Count I and 1 year on Count II), and the mandatory special assessment of $125. Stevenson has now filed the instant motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. §2255.

Stevenson's first ground for relief poses the question whether his sentence, imposed several months prior to the <u>Booker/Fanfan</u> decision of the United States Supreme Court, violated

Stevenson's sixth amendment rights.[1] The Court answers this question in the negative. Stevenson was sentenced on October 22, 2004 and judgment entered on October 27, 2004. No direct appeal was taken. Stevenson's conviction therefore became final before the Supreme Court's January 2005 decision in Booker/Fanfan. The rule announced in Booker "does not apply to criminal convictions that became final before the rule was announced, and thus does not benefit movants in collateral proceedings." Never Misses a Shot v. United States, 413 F.3d 781, 783 (8th Cir. 2005).

Stevenson's second ground for relief questions whether he is "innocent" of his sentence because he was sentenced under a mandatory application of the United States Sentencing Guidelines, contrary to the outcome of Booker/Fanfan. Again, the Court answers in the negative. The question is largely redundant of ground one's unavailing invocation of Booker, which does not apply retroactively to Stevenson. Furthermore, Stevenson's sentence is unaffected by whether the Guidelines were accorded mandatory or merely advisory status by this Court in sentencing Stevenson. Stevenson erroneously asserts that he did not admit the presentence report findings underlying the offense level determination. In the plea agreement, Stevenson stipulated to the total offense levels employed by the Court in determining the sentencing range, and no objections were made to the presentence report. The Court

---

[1] United States v. Booker/Fanfan, 543 U.S. 220 (2005).

2

sentenced Stevenson to the very bottom of the Guidelines range, which it would have done to impose a "reasonable" sentence even if the Guidelines had been deemed merely advisory.

Ground three of the §2255 motion suggests that Stevenson's attorney rendered ineffective assistance of counsel in failing to take a direct appeal when he knew that Booker/Fanfan was pending decision in the Supreme Court. To prevail on a claim of ineffective assistance of counsel, petitioner must show that his counsel's performance was deficient as a matter of constitutional law and that petitioner was prejudiced by the deficient performance. Strickland v. Washington, 466 U.S. 668, 687 (1984). A defendant is prejudiced by deficient performance if "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694.

Counsel is not shown to have rendered deficient performance or to have prejudiced Stevenson. The plea agreement contained Stevenson's waiver of appeal rights as well as his stipulation to all the facts necessary to determine his offense level under the Guidelines, and the stipulated offense level was later applied by the Court. Plea Agreement [Doc. #24 in 4:04CR250-DJS], pp.2-3, pp.5-7. Stevenson fails to articulate what issue his counsel could have raised on appeal to preserve the opportunity for relief based on Booker. Furthermore, had Stevenson's conviction not yet been final on direct appeal when Booker was issued, the

3

Eighth Circuit would have granted no relief because Stevenson would have been unable to demonstrate any likelihood that this Court would have imposed a different sentence under advisory Guidelines.

Under the Eighth Circuit's plain error analysis, the Court of Appeals denies relief to a defendant who was, without objection, erroneously sentenced under a mandatory Guidelines scheme, where the record does not establish that the district court would have imposed a more favorable sentence under advisory Guidelines. United States v. Thorn, 413 F.3d 820, 823 (8th Cir. 2005) *quoting* United States v. Pirani, 406 F.3d 543, 553 (8th Cir. en banc 2005). Stevenson fails to demonstrate that he would be entitled to relief on this appellate standard, and Stevenson therefore is unable to establish prejudice as required for relief on ground three.

Finally, ground four asserts that Stevenson's counsel was ineffective for failing to request a downward departure pursuant to §5H1.4 of the Guidelines on the basis of Stevenson's medical condition. In the plea agreement, Stevenson agreed that "neither party shall request a departure pursuant to any chapter of the Sentencing Guidelines, unless that departure or facts which support that departure are addressed in this document or both parties consent to the request." Plea Agreement [Doc. #24 in 4:04CR250-DJS], p.8. In light of that agreement, counsel's failure to

request a downward departure is not shown to be deficient performance or to have prejudiced Stevenson.

The Court notes that movant's traverse [Doc. #7] is not properly considered to the extent that it addresses matters not raised in his earlier-articulated grounds for relief, such as arguments that his guilty plea was not knowingly and voluntarily made. For all the foregoing reasons, the Court concludes that Stevenson does not demonstrate an entitlement to relief under §2255 on any of the four grounds asserted in his motion. Accordingly, the instant motion to vacate, set aside or correct sentence pursuant to §2255 will be denied, by separate judgment entered herein this day.

Dated this  24th  day of March, 2006.

                                              /s/ Donald J. Stohr  
                                             UNITED STATES DISTRICT JUDGE